UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
MARCUS HOLLOWAY,                                                 :
                                                                 :
                       Plaintiff,                                :
                                                                 :         **INITIAL REVIEW**
       -against-                                                 :         **ORDER RE:**
                                                                 :         **COMPLAINT**
STANFORD DOUGLAS,                                                :
                                                                 :         24-CV-1172 (VDO)
                       Defendant.                                :
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Marcus Holloway, a sentenced inmate incarcerated at Corrigan Correctional Center,[1] filed this case *pro se* pursuant to 42 U.S.C. § 1983[2] against one defendant, Correctional Officer Stanford Douglas. Plaintiff does not identify any constitutional violations, Instead, he states that he seeks damages for assault, fabricated evidence, and mental and physical distress. ECF No. 1 at 6. Plaintiff seeks damages only.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] The Department of Correction website lists Plaintiff as a sentenced inmate; on January 16, 2019, Plaintiff was sentenced to a term of imprisonment of nine years. *See* Department of Correction Inmate Information Search, http://ctinmateinfo.state.ct.us/detailsupv/asp?id_inmt_num=405131 (last visited August 15, 2024). The Court may take judicial notice of this website. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Ligon v. Dougherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate locator information).

[2] Although Plaintiff indicates on the complaint form that he is filing this action against federal employees for violating his rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331, *see* ECF No. 1 at 2, Plaintiff is a state prisoner and Defendant is a state, not federal, employee. Thus, the Court considers this case to be filed under 42 U.S.C. § 1983.

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915(b). The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I. FACTUAL BACKGROUND

On October 12, 2023, an incident occurred between Plaintiff and Defendant at MacDougall-Walker Correctional Institution ("MacDougall"). Defendant spit in Plaintiff's face. ECF No. 1 ¶ 1. Plaintiff alleges that Defendant falsely stated that Plaintiff had spit at him. *Id*. Plaintiff was issued a disciplinary report for assault on staff and sent to segregation for six days. *Id.* ¶ 2.

When asked, Plaintiff told Lieutenant Parsons that he wanted to press outside charges, but no one came to see him. *Id.* ¶ 3.

The next day, Plaintiff was transferred to Cheshire Correctional Institution ("Cheshire"), where he served the six days in segregation. *Id.* ¶ 4. A week after his release from segregation, Plaintiff was found not guilty at a disciplinary hearing. *Id.* ¶ 5. At the hearing, Plaintiff asked about speaking to a state trooper or the warden at MacDougall. He was told that officers at Cheshire had "nothing to do with anything from MacDougall." *Id.* ¶ 6.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a government entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint must "contain sufficient

factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (per curiam) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550

U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.    DISCUSSION

Plaintiff states that he seeks damages for assault, fabricated evidence, and mental and physical distress.

#### A.    Excessive Force

To state a claim for use of excessive force in violation of the Eighth Amendment, Plaintiff must allege facts establishing objective and subjective components. *See Sims v. Artuz*, 230 F.3d 14, 20-21 (2d Cir. 2000). The objective component focuses on the harm done to the inmate in light of contemporary standards of decency. The amount of harm required depends on the nature of the claim. Although some degree of injury is usually required, the prisoner need not show that he suffered a significant injury to state a claim for use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9); *see Goode v. Salias*, No. 3:24-CV-1010(KAD), 2024 WL 3718268, at *3 (D. Conn. Aug. 8, 2024) ("harm done" must be "objectively serious enough to violate Plaintiff's constitutional right to be free from such harm"); *Chambliss v. Rosini*, 808 F. Supp. 2d 658, 667 (S.D.N.Y. 2011) ("the court must ask whether the alleged wrongdoing was

objectively harmful enough to establish a constitutional violation") (quoting *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009) (internal quotation marks omitted). The subjective component of the excessive force standard requires a showing that force was used "maliciously and sadistically" and not as part of a "good faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 40 (citation and internal quotation marks omitted).

Plaintiff alleges only that Defendant spit at him one time. "As a matter of law, a single incident of spitting does not constitute excessive force." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 348 (N.D.N.Y. 2010) (citation omitted) (finding that correctional officer who spat chewing tobacco in prisoner's face did not violate Eighth Amendment); *see, e.g.*, *Johnson v. Ruiz*, No. 3:11-CV-0542(JCH), 2012 WL 90159, at *4 (D. Conn. Jan. 10, 2012) (plaintiff's allegation that officer "spat at him through the slot in his cell door also does not rise to the level of a violation of his Eighth Amendment rights"); *Headley v. Fisher*, No. 06-CV-6331(PAC)(KNF), 2008 WL 1990771, at *15 (S.D.N.Y. May 7, 2008) (holding that spitting in inmate's face, slapping and pushing did not give rise to claim for use of excessive force); *Green v. Mazzuca*, 485 F. Supp. 2d 447, 451 (S.D.N.Y. 2007) (holding that yelling, spitting at and threatening an inmate do not "rise to the level at which prevailing doctrine sets the constitutional bar to establish cruel and unusual punishment").

Indeed, Plaintiff does not allege that he suffered any injury. Although Defendant's action may have been unnecessary and avoidable, it does not implicate the Eighth Amendment. *See Funches v. Miller*, No. 9:20-CV-676(MAD/CFH), 2023 WL 2864818, at *25 (N.D.N.Y. Jan. 3, 2023) (plaintiff did not allege conduct rising above *de minimis* threshold required for excessive force claim where plaintiff alleged no injury from defendant spitting in his face, pushing and shoving him, and grabbing his neck), *report and recommendation adopted*, 2023

5

WL 2495832 (N.D.N.Y. Mar. 14, 2023). As Plaintiff has not alleged facts plausibly meeting the objective component, the Court need not address the subjective component of the excessive force test. Plaintiff's Eighth Amendment excessive force claim is dismissed pursuant to 28 U.S.C. §1915A(b)(1).

### B.     False Accusation

Plaintiff alleges that Defendant falsely stated that Plaintiff spit at him and issued a disciplinary report for assault on staff based on the false statement. "[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). However, a claim of false accusation may be cognizable in two ways.

First, if the inmate was denied due process at the associated disciplinary hearing, he could assert a false accusation claim as part of his due process claim. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) (inmate's protection against false accusation lies in the procedural due process protections required in the hearing process). Here, Plaintiff alleges that he was found not guilty at the disciplinary hearing, Thus, he was afforded due process.

Second, a false accusation claim is cognizable if "the false accusation is based on something more, such as 'retaliation against the prisoner for exercising a constitutional right.'" *Tafari*, 714 F. Supp. 2d at 372 (quoting *Boddie*, 105 F.3d at 862)). Plaintiff has attached to his Complaint copies of incident reports which indicate that the spitting occurred following a "back and forth ... regarding [Plaintiff's] phone call and about locking up during the code." *See* ECF No. 1-1 at 2. Oral confrontations or arguments between an inmate and a correctional officer do not constitute protected speech to support a retaliation claim. *See Miller v. Lamont*, No. 3:20-CV-872(MPS), 2020 WL 6136300, at *8 (D. Conn. Oct. 19, 2020) (citing cases). Thus, the

6

second basis for asserting a false accusation claim also does not apply.

Plaintiff's false accusation claim is dismissed pursuant to 28 U.S.C. §1915A(b)(1).

C. **Segregation**

Plaintiff alleges that he suffered mental distress from being confined in segregation for six days. To establish an Eighth Amendment claim based on this confinement, Plaintiff must allege facts showing that the conditions resulted in a deprivation that was sufficiently serious, and Defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be sufficiently serious, the conditions of his confinement must have deprived Plaintiff of "the minimal civilized measure of life's necessities." *Id.* These needs include "food, clothing, medical care, and safe and sanitary living conditions." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation and internal quotation marks omitted). The Supreme Court has explained that "the Constitution does not mandate comfortable prisons," and "conditions [that] are restrictive and even harsh ... are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

Plaintiff alleges no facts regarding the conditions in segregation. Nor does he allege any facts showing the Defendant was responsible for his placement there. Thus, Plaintiff fails to state a plausible Eighth Amendment conditions of confinement claim against Defendant, and any such claim is dismissed pursuant to 28 U.S.C. §1915A(b)(1).

IV. **CONCLUSION**

The Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §1915A(b)(1). If Plaintiff believes he can correct the deficiencies identified in this Order, he may file an amended complaint by **September 30, 2024. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original**

**complaint in evaluating any amended complaint.** The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

If the Court receives no response from Plaintiff by **September 30, 2024**, the Clerk is directed to close this case.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED.**

Hartford, Connecticut
August 19, 2024

                                                /s/Vernon D. Oliver
                                              VERNON D. OLIVER
                                              United States District Judge